UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOSE ENRIQUE ALBERNI, | ) | |
| Petitioner, | ) | 3:01-CV-00725-LRH-RAM |
| v. | ) | |
| | ) | ORDER |
| E.K. McDANIEL, et al., | ) | |
| Respondents. | ) | |

This case is on remand from the United States Court of Appeals for the Ninth Circuit pursuant to its opinion *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006), filed on August 9, 2006. In its opinion, the Ninth Circuit affirmed in part and vacated in part this court's January 3, 2005, order (#46[1]) denying Petitioner's amended petition for relief under 28 U.S.C. § 2254. *Alberni*, 458 F.3d at 874. The Ninth Circuit also remanded Petitioner's case for an evidentiary hearing on the question of whether "some effect on [Petitioner's] counsel's handling of particular aspects of [his] trial was likely" due to a conflict of interest. *Id.* On October 19, 2006, this court held an evidentiary hearing regarding this issue. At this hearing, the court granted the parties leave to file briefing regarding factual and legal issues raised during the hearing. Respondents filed the opening brief. Petitioner then filed a response to which Respondents replied. The matter stands submitted

---

[1] References to (#XX) refer to the court's docket.

for decision by this court.

**I. Procedural History**

On February 15, 1995, the State of Nevada filed an information charging Petitioner with murdering Dennis McElroy with use of a deadly weapon under Nevada Revised Statutes sections 200.010, 200.030, and 193.165. On March 3, 1995, Alberni pled not guilty to this charge.

On February 21, 1996, James Buchanan ("Buchanan") was appointed to represent Petitioner at trial. Petitioner's trial commenced on May 13, 1996, and lasted until May 22, 1996, when a jury found him guilty of Second Degree Murder with Use of a Deadly Weapon.

After pursuing a direct appeal and post-conviction remedies in state court, Petitioner filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court,[2] stating five grounds for relief. On February 11, 2004, Petitioner abandoned his fifth ground for relief, and on January 3, 2005, this court denied the remaining four grounds. Petitioner appealed this order to the Ninth Circuit, which affirmed in part and vacated and remanded in part. Specifically, the Ninth Circuit vacated this court's denial of Petitioner's claim that he was rendered ineffective assistance of counsel due to Buchanan's prior representation of Sean Flamm ("Flamm"), a witness Buchanan cross-examined at Petitioner's trial. The Ninth Circuit concluded an evidentiary hearing was necessary to resolve whether Buchanan's prior representation of the Flamm likely affected Buchanan's performance at Petitioner's trial. On October 19, 2006, this court conducted an evidentiary hearing to resolve this question.

**II. Legal Standard**

In its opinion remanding Petitioner's case to this court, the Ninth Circuit found that "[i]t is . . . necessary for [Petitioner] to demonstrate that an actual conflict of interest existed. That is, he must show that Mr. Buchanan's performance was adversely affected." *Id.* at 872. The court also

---

[2] This case was originally assigned to U.S. District Court Judge David W. Hagen. After Judge Hagen's retirement, the case was assigned to Judge Larry R. Hicks on August 25, 2006.

concluded an evidentiary hearing was necessary because the record was insufficient to determine whether an actual conflict of interest existed. Specifically, the court found:

> Mr. Buchanan failed to impeach Mr. Flamm with his prior conviction, his probation status, and on multiple points of his testimony. These omissions appear to be critical in light of the impact they could have on the jury's perception of [Petitioner's] credibility and his propensity for violence. Mr. Flamm was called as a rebuttal witness to impeach [Petitioner]. When the only evidence supporting [Petitioner's] claim that the shooting was accidental was his own testimony, it was critical that the jury find him credible. However, the failure to question Mr. Flamm regarding his inconsistent testimony is not necessarily attributable to a conflict. A link between deficient performance and the conflict of interest must be shown. The district court did not conduct an evidentiary hearing. Thus, Mr. Buchanan has not been interrogated concerning his failure to impeach Mr. Flamm regarding his criminal record and his inconsistent testimony. Although Mr. Buchanan's testimony on this matter would not be conclusive, there may be legitimate tactical reasons for Mr. Buchanan's decision not to impeach Mr. Flamm on these matters. We will not speculate about his cross-examination strategy. However, without Mr. Buchanan's testimony, we cannot reach a satisfactory resolution of the question whether Mr. Buchanan's prior representation of Mr. Flamm adversely affected his defense of [Petitioner].
>   We conclude that an evidentiary hearing is necessary to resolve this issue. . . . [Petitioner] has alleged that Mr. Buchanan only grudgingly accepted the trial court's "absolution" from his conflict of interest, and that due to the conflict, he failed to impeach Mr. Flamm on several key points. If these allegations are true, [Petitioner] is entitled to relief. However, the record is not sufficient to determine if these allegations are true.

*Id.* at 872-73 (citations omitted).

The court also considered the question of whether, in the event the evidentiary hearing demonstrates Buchanan's performance was adversely affected, Petitioner "must demonstrate, under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a probable impact on the result of his trial." *Id.* at 873. The court then discussed the Supreme Court opinion *Mickens v. Taylor*, 535 U.S. 162, 176 (2002) and the Ninth Circuit opinion *Lewis v. Mayle*, 391 F.3d 989 (9th Cir. 2004). The court found that in *Mickens*, the Supreme Court "implied that in cases of successive conflicts, the more stringent *Strickland* prejudice standard may be applied. In addition to showing an actual conflict, that is an adverse effect on the attorney's performance, the petitioner may be required to show prejudice." *Id.* at 874. The court also summarized *Lewis*, where it "applied the more permissive standard that only an adverse effect on the attorney's

3

performance, and not prejudice, need to be shown to establish a Sixth Amendment violation." *Id.*

The court then made the following statement: "Because the Supreme Court left open the question whether prejudice need to be shown, and consistent with our holding, we hold that the Nevada Supreme Court's conclusion that prejudice could be presumed was not contrary to clearly established federal law as determined by the Supreme Court." *Id.* It thus concluded with the following mandate: "We vacate the decision of the district court regarding the conflict of interest claim with instructions that an evidentiary hearing be conducted on the question whether 'some effect on counsel's handling of particular aspects of the trial was likely' due to the potential conflict. Should the district court conclude that an actual conflict of interest existed, [Petitioner] need not show prejudice." *Id.* (citation omitted).

**III. Discussion**

After review of Buchanan's testimony at this court's evidentiary hearing, the court concludes that Buchanan's performance at Petitioner's trial was adversely affected by Buchanan's prior representation of Flamm. However, while the court recognizes its duty under the Ninth Circuit mandate, the court feels compelled to address an issue that was not discussed by the Ninth Circuit. As stated above, the Ninth Circuit held that "the Nevada Supreme Court's conclusion that prejudice could be presumed was not contrary to clearly established federal law as determined by the Supreme Court." This language is a reference to 28 U.S.C. § 2254(d). That subsection states

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a *decision* that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

(emphasis added).

Subsection 2254(d)'s reference to a "decision" presumably refers to a holding of a state

4

1  court.[3]  However, the Nevada Supreme Court did not hold that prejudice should be presumed in

2  Petitioner's case.  On direct appeal Petitioner claimed the trial court erred in permitting Buchanan

3  to cross examine Flamm.  *Alberni v. State*, No. 29066 at 5 (Nev. July 28, 1998).  The court

4  rejected this claim, concluding that "no actual conflict of interest existed and that any potential

5  conflict of interest was sufficiently mitigated by questions the district court posed to the witness."

6  *Id.*  Before the court came to this conclusion, however, it stated the following regarding

7  Petitioner's ineffective assistance of counsel claim:

8/9/10/11
> To succeed on a claim of ineffective assistance of counsel or conflict of interest, a defendant must demonstrate that counsel's performance was somehow deficient and that this deficiency caused him to suffer prejudice.  *Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1375 (1992).  'However, in limited instances, a defendant is relieved of the responsibility of establishing the prejudicial effect of his counsel's actions.  An actual conflict of interest which adversely affects a lawyer's performance will result in a presumption of prejudice to the defendant.'  *Id.*

12  *Alberni v. State*, No. 29066 at 5 (Nev. July 28, 1998).  It is the final sentence of this

13  quotation upon which the Ninth Circuit based its holding that "the Nevada Supreme Court's

14  conclusion that prejudice could be presumed was not contrary to clearly established federal

15  law as determined by the Supreme Court."

16      This court's concern with the Ninth Circuit's mandate is that the Nevada Supreme

17  Court's language regarding presuming prejudice was not its holding.  To the contrary, the

18  Nevada Supreme Court *denied* Petitioner's claim that he was rendered ineffective assistance

19  of counsel; thus, the court had no occasion to hold that prejudice should be presumed.

20  Moreover, *Clark v. State* 831 P.2d 1374 (Nev. 1992), the case from which the Nevada

---

[3] This court believes "decision" refers to a holding of a state court based on that term's dictionary definition and the notion of comity that underlies AEDPA.  *See* Black's Law Dictionary 436 (8th ed. 2004) ("decision, *n.* 1. A judicial or agency determination after consideration of the facts and the law; esp., a ruling, order, or judgment pronounced by a court when considering or disposing of a case."); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) ("AEDPA's purpose [is] to further the principles of comity, finality, and federalism") (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000)); *see also* Black's Law Dictionary 749 (8th ed. 2004) ("holding, *n.*. 1. A court's determination of a matter of law pivotal to its decision; a principle drawn from such a decision.").

5

Supreme Court took the quotation regarding presuming prejudice, did not involve a claim of ineffective assistance of counsel due to a successive conflict of interest.  Rather, the lawyer in *Clark* was faced with a concurrent conflict of interest due to his pursuit of a civil judgment against a client he was representing in a criminal case.  *Id.* at 1375.  Thus, this court has doubts whether the Nevada Supreme Court, if faced with the issue, would conclude prejudice should be presumed.

Given the above considerations, the court feels compelled to depart from the Ninth Circuit's mandate under the law of the case doctrine.  Under the law of the case doctrine, "'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'  But a court may have discretion to depart from the law of the case if . . . the first decision was *clearly erroneous* . . . ."  *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (citations omitted).  Because the Nevada Supreme Court has never decided whether prejudice should be presumed in the case of a conflict of interest arising from successive representation, the court finds clear error in the Ninth Circuit's deference to the Nevada Supreme Court's dicta.

Because the legal question of whether prejudice should be presumed when a conflict of interest arises from successive representation may be determinative of the cause pending in this court, and it appears to this court that there is no controlling precedent on this question in the Nevada Supreme Court's decisions, this court certifies the following question to the Nevada Supreme Court: Should prejudice be presumed under *Strickland v. Washington,* 466 U.S. 668 (1984)*,* when a defendant's lawyer's cross-examination of a state witness is adversely affected due to the lawyer's prior representation of that witness?[4]  If the Nevada Supreme Court finds that prejudice should not be presumed, then this court would have to

---

[4] This court will consider the Nevada Supreme Court's response to this question as controlling precedent.

6

decide under *Strickland v. Washington* whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The court recognizes that its interpretation of AEDPA is a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from this order may materially advance the ultimate termination of this case. Therefore this court will grant Petitioner leave to file an interlocutory appeal with the Ninth Circuit pursuant to 28 U.S.C. § 1292.

IT IS THEREFORE ORDERED that the following question is hereby certified to the Nevada Supreme Court pursuant to Nevada Rules of Appellate Procedure Rule 5: Should prejudice be presumed under *Strickland v. Washington*, 466 U.S. 668 (1984), when a defendant's lawyer's cross-examination of a state witness is adversely affected by the lawyer's prior representation of that witness?

Rule 5 requires this court to set forth the names and addresses of counsel for the appellant and respondent. Appellant's counsel's name is Paul G. Tuner. Mr. Turner's address is 411 E Bonneville, Suite 250, Las Vegas, NV 89101. Respondent's counsel's name is John M. Warwick, IV. Mr. Warwick's address is 100 North Carson Street, Carson City, NV 89701.

///
///
///
///
///
///
///

IT IS FURTHER ORDERED that Petitioner is granted leave to file an interlocutory appeal of this order with the United States Court of Appeals for the Ninth Circuit. This court grants a stay of its proceedings until either (1) after thirty days, Petitioner has failed to pursue an interlocutory appeal, or (2) the Ninth Circuit declines to permit an appeal. If one of these events occurs, the stay will then be lifted and the above question certified to the Nevada Supreme Court.

IT IS SO ORDERED.

DATED this 27th day of December, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE