UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| JOSE ENRIQUE ALBERNI, | ) | |
| | ) | |
| Petitioner, | ) | 3:01-CV-00725-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| E.K. McDANIEL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This case is on remand from the Ninth Circuit after an interlocutory appeal from this court's December 27, 2007, order. In a December 22, 2008, memorandum opinion, the Ninth Circuit found this court violated the rule of mandate by certifying a question to the Nevada Supreme Court. Accordingly, the Ninth Circuit vacated this court's December 27, 2007, order. Petitioner Jose Alberni's petition for relief under 28 U.S.C. § 2254 is therefore once again before this court.

**I.  Facts and Procedural History**

On February 15, 1995, the State of Nevada filed an information charging Petitioner with murdering Dennis McElroy with use of a deadly weapon under *Nevada Revised Statutes* sections 200.010, 200.030, and 193.165. Alberni pled not guilty to this charge.

On February 21, 1996, James Buchanan was appointed to represent Petitioner at trial. Petitioner's trial commenced on May 13, 1996, and lasted until May 22, 1996, when a jury found him guilty of second degree murder with use of a deadly weapon.

After unsuccessfully pursuing a direct appeal and postconviction relief in state court, Petitioner filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court,[1] claiming five grounds for relief. On February 11, 2004, Petitioner abandoned his fifth ground for relief; and on January 3, 2005, this court denied relief on the remaining four grounds. Petitioner appealed to the Ninth Circuit, which affirmed in part and vacated in part. *Alberni v. McDaniel*, 458 F.3d 860, 874 (9th Cir. 2006). Specifically, the Ninth Circuit vacated this court's denial of Petitioner's claim that he was rendered ineffective assistance of counsel due to Buchanan's prior representation of Sean Flamm, a State witness that Buchanan cross-examined at Petitioner's trial. The Ninth Circuit concluded an evidentiary hearing was necessary to resolve the question of whether "some effect on [Buchanan's] handling of particular aspects of the trial was likely" due to a conflict of interest resulting from Buchanan's prior representation of Flamm. *See id.*

This court conducted an evidentiary hearing, and on December 27, 2007, the court found that Buchanan was in fact adversely affected in his defense of Petitioner by Buchanan's prior representation of Flamm. In the present order, the court will explain its finding.

**II.   Legal Standard**

In its first opinion remanding Petitioner's case to this court, the Ninth Circuit concluded that "[i]t is . . . necessary for [Petitioner] to demonstrate that an actual conflict of interest existed. That is, he must show that Mr. Buchanan's performance was adversely affected." *Id.* at 872. Specifically, the court found,

> Mr. Buchanan failed to impeach Mr. Flamm with his prior conviction, his probation status, and on multiple points of his testimony. These omissions appear to be critical in light of the impact they could have on the jury's perception of [Petitioner's] credibility and his propensity for violence. Mr. Flamm was called as a rebuttal witness to impeach [Petitioner]. When the only evidence supporting [Petitioner's] claim that the shooting

---

[1] This case was originally assigned to U.S. District Judge David W. Hagen. After Judge Hagen's retirement, the case was assigned to Judge Larry R. Hicks on August 25, 2006.

was accidental was his own testimony, it was critical that the jury find him credible. However, the failure to question Mr. Flamm regarding his inconsistent testimony is not necessarily attributable to a conflict. A link between deficient performance and the conflict of interest must be shown. The district court did not conduct an evidentiary hearing. Thus, Mr. Buchanan has not been interrogated concerning his failure to impeach Mr. Flamm regarding his criminal record and his inconsistent testimony. Although Mr. Buchanan's testimony on this matter would not be conclusive, there may be legitimate tactical reasons for Mr. Buchanan's decision not to impeach Mr. Flamm on these matters. We will not speculate about his cross-examination strategy. However, without Mr. Buchanan's testimony, we cannot reach a satisfactory resolution of the question whether Mr. Buchanan's prior representation of Mr. Flamm adversely affected his defense of [Petitioner].
    We conclude that an evidentiary hearing is necessary to resolve this issue. . . . [Petitioner] has alleged that Mr. Buchanan only grudgingly accepted the trial court's "absolution" from his conflict of interest, and that due to the conflict, he failed to impeach Mr. Flamm on several key points. If these allegations are true, [Petitioner] is entitled to relief. However, the record is not sufficient to determine if these allegations are true.

*Id.* at 872-73 (citations omitted).

The Ninth Circuit also considered whether Petitioner must show prejudice from Buchanan's purported conflict of interest, that is, whether Petitioner "must demonstrate, under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a probable impact on the result of his trial." *Id.* at 873. The Ninth Circuit answered this question accordingly: "Because the Supreme Court left open the question whether prejudice need to be shown, and consistent with our holding, we hold that the Nevada Supreme Court's conclusion that prejudice could be presumed was not contrary to clearly established federal law as determined by the Supreme Court." *Id.* at 874. The court then concluded with the following mandate: "We vacate the decision of the district court regarding the conflict of interest claim with instructions that an evidentiary hearing be conducted on the question whether 'some effect on counsel's handling of particular aspects of the trial was likely' due to the potential conflict. Should the district court conclude that an actual conflict of interest existed, [Petitioner] need not show prejudice." *Id.* (citation omitted).

**III.   Discussion**

After review of the transcript from Petitioner's trial and Buchanan's testimony at this

3

court's evidentiary hearing, the court concluded that Buchanan's performance at Petitioner's trial was adversely affected by Buchanan's prior representation of Flamm. At this court's evidentiary hearing, Buchanan testified to the following:

- Even though the trial judge told him that he was absolved of his ethical conflicts, he did not think the judge had the authority to absolve him. (Tr. of Evidentiary Hr'g (#66[2]) at 22:1-11.)
- He believes he has a reputation in town as "being one of the toughest cross-examiners there is[,]" but during Flamm's cross-examination, he "just skimmed over him . . . ." (*Id.* at 16:9-10.)
- Had Flamm not been a client of his, he would have "gone into [Flamm's] convictions, his revocations, his drug usage, everything as a witness." (*Id.* at 16:11-13.)
- He just "perfunctorily asked a few questions" and "did not cross-examine him as [he] would a normal witness because [he] felt [he] was actually violating [his] ethical standards." (*Id.* at 16:13-16.)
- He did not "believe [he] went into everything that was in [his] knowledge." (*Id.* at 17:10-11.)
- He cross-examined Flamm because "[i]f the Court rules, then you follow the ruling." (*Id.* at 22:16-17.)
- He "didn't ask questions on cross-examination that [he] thought were attorney-client privilege between Mr. Flamm and [him]." (*Id.* at 22:21-23.)
- He "would have liked to have destroyed Flamm, but [he] didn't" (*id.* at 29:9-10) because "[Flamm] was [his] client. [Buchanan] thought [he] had an ethical violation. [He] thought [he] had professional courtesy and professionalism towards [his] own

---

[2]Refers to the court's docket

1  client, that [Flamm] was still was [his] client; and [Buchanan] was in a predicament,
2  and [he] didn't perform as [he] would if [Flamm] was just an ordinary witness" (*id.* at
3  31:4-8).
4  Buchanan's testimony during the evidentiary hearing demonstrates he "only grudgingly
5  accepted the trial court's 'absolution' from his conflict of interest, and that due to the conflict, he
6  failed to impeach Mr. Flamm on several key points." *See Alberni*, 458 F.3d at 873.  In accordance
7  with the Ninth Circuit's mandate, this court must presume that Buchanan's prior representation of
8  Flamm had a probable impact on the result of Petitioner's trial.  This court therefore grants a
9  conditional writ of habeas corpus.
10  IT IS THEREFORE ORDERED that the writ of habeas corpus is GRANTED unless the
11  State initiates a new trial within 120 days of the date this order is filed.
12  IT IS SO ORDERED.
13  DATED this 2nd day of February, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5